UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RENNER MOTORS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:04-cv-1325-DFH-TAB |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON PLAINTIFF'S MOTION TO DISMISS WITHOUT PREJUDICE

Daniel Moore was killed in an automobile accident. His estate brought a wrongful death action in state court in Shelby County, Indiana against Ford Motor Company, Renner Motors, Inc., and at least one other defendant. Renner is a Ford dealership. Its owners felt that Ford should defend and indemnify it against the claim made by Mr. Moore's estate. Instead of filing a cross-claim to that effect in the Shelby County litigation, Renner filed a separate declaratory judgment action in the Superior Court for Bartholomew County, Indiana naming Ford as the sole defendant. Ford removed the matter to this court based on diversity jurisdiction. Ford filed an answer setting forth admissions, denials, and affirmative defenses, and closing with a request that the court declare that it has no duty to defend or indemnify Renner.

Renner then changed its mind about the forum for its claim for indemnity and a defense.  Renner filed in this court a motion to dismiss without prejudice.  Renner argues in support that it would make the most sense to have its indemnity and defense claim decided in connection with the counterclaim it has filed in the Shelby County litigation (after the removal in this matter).  Ford asks the court not to dismiss Renners' complaint, but to allow the matter to proceed to judgment here.  In the alternative, Ford asks that dismissal be conditioned on an award of the costs, including attorney fees, it has expended in connection with the removal and defense of the claim in this court.

When a plaintiff seeks to dismiss without prejudice after the defendant has answered the complaint, it must obtain a court order.  Fed. R. Civ. P. 41(a)(2); *Marlowe v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994).  If the defendant has filed a counterclaim, then the case may not be dismissed over the defendant's objection unless the counterclaim remains pending for independent resolution. Fed. R. Civ. P. 41(a)(2).  Despite Ford's creative attempt to turn the prayer for relief in its Answer into an independent counterclaim, there is no pending counterclaim that was labeled as such.  By concluding its answer with a request for a declaration that it owes no indemnity or defense, Ford triggered no obligation on the part of Renner to file a responsive pleading and no corresponding burden of proof attached when Ford set out such a prayer.  As Renner points out in its brief, there was no reference to a counterclaim in the title of the filing, and Ford is not asking for Renner to indemnify or defend it.

-2-

Since there is no pending counterclaim, the court has discretion to dismiss the plaintiff's claim without prejudice.  The court may also impose conditions on the dismissal if it believes they are warranted.  *LeBlang Motors, LTD. v. Subaru of America, Inc.*, 148 F.3d 680, 685 (7th Cir. 1998).  Typically, a court might award the attorney fees and costs incurred by the defendant for legal work that could not be used in any later litigation of the same claim.  See, *e.g.*, *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985).  In this case, the court agrees that it makes most sense to have the issues between Ford and Renner resolved in the underlying state court litigation, but on the condition that Renner pays an appropriate share of Ford's fees and expenses associated with this case.

Ford asserts that removing and defending the action has resulted in Ford spending $5,792.82, though without submitting supporting detail.  Some of Ford's legal work was occasioned by Renner's original attempt to gain home field advantage, some of the work would have been pursued regardless of venue choice, and some was incurred as a result of Ford's own defense related choices.

Renner made the choice to seek relief in the separate action in Bartholomew County, instead of as part of the Shelby County case involving the underlying tort claim.  Since Renner is located in Bartholomew County, one can surmise the reasons for its choice.  Renner's new suggestion that Shelby County is obviously the best venue for resolving all related issues is correct, but coming from Renner itself, the assertion seems a little disingenuous in light of Renner's own decision

to file this separate action.  Renner should compensate Ford for the expenses resulting from Renner's decision to bring a separate action.

A substantial part of Ford's expense was the removal of the action to this court.  However, that was not a choice made by Renner.  Removal was a right that Ford chose to exercise, but Renner is not responsible for Ford's expenses of removal.  In addition, the discovery that Ford has drafted can be used with minor alteration in the state court case.

In light of Renner's about-face on whether a separate action is warranted, the court agrees that dismissal should be conditioned upon the payment of some of the expenses and fees incurred by Ford.  The court finds that the total amount requested should not be awarded.  The *LeBlang* decision makes clear that when setting a condition for dismissal, a district court is not limited to considering only the exact amount of costs and fees attributable to legal work that would not be reusable in later litigation of the same matter.  148 F.3d at 685-86.  It is also clear that Renner must be given a chance to accept any conditions or reject them and withdraw the dismissal request.  *Marlowe*, 19 F.3d at 304.  The court's discretion accompanied by Renner's ability to accept or reject the conditions it sets are sufficient reasons for this court not to require Ford to submit more detailed records for the legal fees it is requesting and to make its own determination of

what amount is fitting as a condition for dismissal.[1]  However, it should be noted for the future that any party seeking a decision which might include the award or prerequisite payment of legal fees should provide more substantiation than a simple statement in its brief with respect to the amount of any fees which have been incurred.  In this instance, the court finds that dismissal should be conditioned upon Renner's payment to Ford of $2,500 for attorney fees.

*Conclusion*

Renner's claim against Ford for a defense and indemnity in connection with a wrongful death lawsuit brought against both of them in Shelby County would be most efficiently decided by that same state court.  Renner has asked to be allowed to dismiss its complaint here in order to allow the same issues to be decided pursuant to the counterclaim it has filed in Shelby County.  Renner's Motion to Dismiss Without Prejudice IS GRANTED UPON CONDITION that Renner first makes payment to Ford for a portion of its attorney fees expended, in the amount of $2,500.00.  Upon notice in writing within 30 days of the entry of this order that such payment has been made, the matter will be dismissed.  Otherwise the case will continue in this court, as Renner will be deemed to have rejected the conditions upon which dismissal will be granted and the parties will be required to file a proposed case management plan no later than 45 days from this entry.

---

[1]An additional reason for not requiring further substantiation of fees incurred to date is Renner's failure to take issue with the amount requested, other than a general objection to the award of any fees at all.

So ordered.

Date: June 13, 2005

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Peter B. Stewart
STEWART & IRWIN
pstewart@silegal.com

Eric A. Riegner
Randall R. Riggs
LOCKE REYNOLDS LLP
eriegner@locke.com
rriggs@locke.com